MEREDITH L. WEINER, ESQ.
Nevada State Bar No.12299
PATTI, SGRO & LEWIS
720 S. Seventh Street, Third Floor
Las Vegas, NV 89101
Telephone: (702) 385-9595
Facsimile: (702) 386-2737
mweiner@pattisgrolewis.com
*Attorneys for Defendant*

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:12-CR-0004 |
| Plaintiff, | |
| vs. | **MOTION FOR PRETRIAL RELEASE (EXPEDITED HEARING REQUESTED)** |
| ELIAS LEE SAMAHA, | |
| Defendants. | |

COMES NOW, the Defendant, ELIAS L. SAMAHA, by and through his attorney of record, MEREDITH L. WEINER, ESQ., of the law firm of PATTI, SGRO & LEWIS, and hereby respectfully requests that this Honorable Court reopens his detention hearing and orders his pretrial release with supervision and any additional considerations this Court deems appropriate.

///

///

///

///

///

///

///

This relief is sought pursuant to the following Points and Authorities, as well as any Oral Argument this Court permits at the time and date of Hearing. In addition, Defendant respectfully requests that this Court accord this motion expedited consideration.

DATED this ___26___ day of April, 2013.

PATTI, SGRO & LEWIS

MEREDITH L. WEINER, ESQ.
Nevada Bar No. 12299
PATTI, SGRO & LEWIS
720 S. 7th Street, 3rd Floor
Las Vegas, NV 89101
*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

On or about January 10, 2012, the Government filed a sealed Indictment naming Defendant Elias Lee Samaha (hereinafter, "Samaha"), and charging him with Participating in a Racketeer Influenced Corrupt Organization, Conspiracy to Engage in a Racketeer Influenced Corrupt Organization, and Trafficking in and Production of False Identification Documents. *Doc. No. 83.* Defendant was initially detained on or about March 2, 2013 in the Southern District of Florida, on an arrest warrant predicated on the instant charges. *Doc. No. 83, pg. 55.* On March 4, 2013, the United States District Court for the Southern District of Florida issued an Order on Defendant's Initial Appearance that he be held in temporary pretrial detention pending a detention hearing on March 7, 2013. *Pacer 83, pg. 56.* At that time, his custody status was addressed by United States Magistrate Judge Lurana S. Snow, who ordered that Samaha continue to be held in pretrial

1    detention until such time he be removed to the State of Nevada. *Doc. No. 83, pg. 59.*

2        On March 25, 2013, Samaha was arraigned on the instant Indictment in the District of

3    Nevada before the Honorable Judge Peggy A. Leen. Judge Leen deferred to the detention order

4    entered in the Southern District of Florida, wherein that Court had previously determined that

5    Samaha was a flight risk. *Doc. No. 83, pg. 59.* Defendant has now been in custody for over one

6
7    month.

8                                          **II.**

9                                      **ARGUMENT**

10        Title 18, United States Code, Section 3142 (f) states that in order for a defendant to request

11    the re-opening of a detention hearing, there must be some new information which was "..not

12
13    known to the movant at the time of the hearing and that has a material bearing on the issue

14    whether there are conditions of release that will reasonably assure the appearance of such a person

15    as required and the safety of any other person and the community." *Id.*  It is further stated in 18

16    USC §3142 (g) that the Court should consider several factors in "determining whether there are

17    conditions of release that will reasonably assure the appearance of the person as required." *Id*

18        At the time of his initial detention hearing, Defendant's prior counsel had limited

19    opportunity to speak with Defendant regarding the details contained in the Pretrial Services Report

20    or to arrange a living situation for the Defendant that would assure the Court that he was not a

21    flight risk. In addition, prior counsel had not spoken with Samaha's family and friends regarding

22
23    the possibility of him living with them if granted pretrial release. As such, prior counsel for

24    Defendant relented to the government's request for pretrial detention.  However, since his initial

25    detention hearing before Judge Leen, Samaha has since retained prior counsel with whom he has

26    had the opportunity to develop a stronger attorney-client relationship. Samaha's family has also

27
28    had the ability to contact Samaha's counsel regularly and make arrangements for a stable residence

and employment if Samaha is released.

On a motion for pretrial detention, the Government bears the burden of showing that the defendant is a danger to the community by clear and convincing evidence, and by showing flight risk by a preponderance of the evidence. *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the Government. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991). This presumption is not erased when a defendant proffers evidence to rebut it, but rather the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in §3142 (g). *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986). If a defendant presents evidence to rebut the presumption of danger or flight risk, however, the Ninth Circuit has outlined factors which courts should consider is determining whether a pretrial detention standard has been met. Those factors are: 1) the nature and seriousness of the offense charged; 2) the weight of the evidence against the defendant, 3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. In the instant matter, new counsel has received information since his initial detention hearing to suggest that Defendant is neither a flight risk nor a danger to the community based on the enumerated factors above.

## 1. The Nature and Severity of the Allegations Against Defendant Weigh in Favor of Pretrial Release.

In the instant case, the Government is unable to establish that defendant Elias Samaha is flight risk or a danger to the community through any of the factors set forth in §3142 (g). While Defendant acknowledges the seriousness of the charges in the Indictment, the nature and

seriousness of the offenses with which <u>Defendant</u> himself is charged indicate that his alleged role in the Carder.su organization was minimal when compared to the other defendants. Specifically, the Indictment alleges that Samaha, in the furtherance of the enterprise alleged, was merely a member of the alleged conspiracy, and neither an "administrator," "moderator," "reviewer," or "vendor," which indicated a larger role and involvement in the unlawful production and transfer of false identifications. A review of the allegations in the Indictment suggest that the conspiracy was primarily driven by Defendants with substantially more alleged culpability than Mr. Samaha. Further, the nature of the offenses with which Samaha is charged is smaller in scope than those of other named defendants, and therefore weighs against pretrial detention. In addition, none of the offenses alleged are violent offenses with which pretrial detention would address if Samaha were kept in custody.

## 2. The Weight of the Evidence Produced by the Government Against Defendant is Minimal.

Although the weight of the evidence against a defendant is "the least important of the various factors," the weight of evidence against a defendant may be considered to determine the likelihood that the person will fail to appear or that he will pose a danger to any person in the community. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *See also,* 18 USC § 3142(g). If a Court impermissibly makes a preliminary determination of guilt based on the weight of evidence presented in a pretrial detention hearing, the refusal to grant pretrial release becomes a matter of punishment. *See United States v. Edson,* 487 F.2d 370, 372 (1st Cir. 1973).

Here, the government has not yet produced any initial discovery. As such, Mr. Samaha has been merely named as a participant in a conspiracy by virtue of his alleged possession of false identification. There has been no document or evident produced thus far that Defendant interacted with or even knew any of the co-defendants involved in the Carder.su organization. Without any

additional evidence besides the allegations in the Indictment, there is no indication that Mr. Samaha will either fail to appear or pose a danger to the community. As such, this factor weighs in favor pretrial release.

### 3. The Defendant's Character and Family Support Also Weigh in Favor of Pretrial Release.

Under the Bail Reform Act, a court may consider a defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, prior criminal history, and other factors. *See* 18 USC § 3142 (g)(3)(A). Here, unlike many of the other defendants named in the Indictment, Mr. Samaha is a legal United States resident. Samaha immigrated to the United States in 1980 and became a naturalized U.S. citizen in 2006. Although divorced, Mr. Samaha has the support of his ex-wife, Sahar, with whom he has three children who reside in Michigan. *See Affidavit of Sahar Samaha, attached hereto as Exhibit 1.* Sahar Samaha, the Defendant's ex-wife, has graciously offered to allow Mr. Samaha to reside with her and the couple's children in the family's home in Michigan, where Mr. Samaha was living prior to detention, if Samaha is granted pretrial release. *Id.* Mr. Samaha's children, age 19, 17, and 15, have similarly expressed a strong desire to have their father back in the home while this matter is pending. *Id.* Ms. Samaha is committed to assisting Samaha in any terms of pretrial release which this Court may impose. Prior to detention, Mr. Samaha was self-employed as an automobile broker in Michigan, where he earned a lucrative income with which he was able support his family and children. If granted pretrial release, Samaha would be able to return to work in the automobile brokerage business.

Mr. Samaha also has the support of a longstanding friend, Steve Kandah, who lives in the state of Florida. *See Affidavit of Steve Kandah, attached hereto as Exhibit 2.* Mr. Kandah and the Defendant have known one another in excess of thirty-three years, and Mr. Kandah has expressed a desire to not only allow Samaha to live with him and his family if released, but also to employ

Mr. Samaha in a family-owned business so that Mr. Samaha can have steady employment. *Id.* Additionally, Mr. Kandah's children, age 26, 21, and 16, have expressed their desire to help Mr. Samaha in any way they can, as he has been a long-time friend of the family. *Id.*

Since his initial detention hearing, Defendant has hired local Nevada counsel to assist in his defense, with who he and his family have been in constant contact, and which are further indicia of Mr. Samaha's desire to contest the instant charges.   Although Mr. Samaha has acknowledged prior convictions involving drug-related offenses, PreTrial Services acknowledged that these convictions could be addressed upon Samaha's release through supervision and/or drug counseling. Furthermore, the nonviolent nature of the offenses alleged weigh in favor of some type of supervised pretrial release rather than detention.

Accordingly, Mr. Samaha's family support, employment, and willingness to comply with pretrial supervision, in addition to the nonviolent nature of the crimes alleged and the indication that Mr. Samaha is a minor participant suggest that he should be a candidate for pretrial release.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.

### CONCLUSION

Based upon the foregoing reasons, including Mr. Samaha's hiring local counsel, his family support who are willing to arrange a living situation if Mr. Samaha is released, and the examination of Samaha's character which show he is neither a flight risk nor a danger to the community, Defendant respectfully requests that the Court hold a detention hearing and order his supervised release in the state of Michigan pending trial in this matter. Analysis of the factors set forth in 18 USC §3142 (g) weigh in favor of Defendant's pretrial release. In addition, as noted above, Defendant is amenable to pretrial supervision or house arrest in Michigan should release be granted, as well as any other conditions this Court deem appropriate to ensure Defendant's appearance.

DATED this ___26___ day of April, 2013.

PATTI, SGRO & LEWIS

_____
MEREDITH L. WEINER, ESQ.
Nevada Bar No. 12299
PATTI, SGRO & LEWIS
720 S. 7th Street, 3rd Floor
Las Vegas, NV 89101
*Attorneys for Defendant*

1

## CERTIFICATE OF SERVICE

2

     I, Meredith L. Weiner, Esq., certify that the following individual was served with a copy of

3

DEFENDANT'S MOTION FOR PRETRIAL RELEASE on this date by the below identified

4

method of service:

5

6

Electronic Case Filing

7

DANIEL BOGDON
United States Attorney

8

KIMBERLY M. FRAYN
Assistant United States Attorney

9

DATED this __26__ day of April, 2013.

10

11

_____
MEREDITH L. WEINER, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28