# UNITED STATES DISTRICT COURT

District of _____ Nevada _____

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**V.**

ELIAS LEE SAMAHA
aka Senna071
aka John Doe 1

Case Number:            2:12-cr-00004-APG-GWF-28

USM Number:            02815-104

**Date of Original Judgment:**   3/24/2015

LESLIE PARK

**(Or Date of Last Amended Judgment)**

Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

X pleaded guilty to       Count 12 of the Indictment

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18USC§§1028(a)(1), (b)(1)(A)(ii) and (c)(3) and 18USC§2 | Trafficking in and Production of False Identification Documents Aiding and Abetting | 10/20/2009 | 12 |

        The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  all remaining _____  ☐ is  X are dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 19, 2015
Date of Imposition of Judgment

Signature of Judge

ANDREW P. GORDON, UNITED STATED DISTRICT JUDGE
Name and Title of Judge

April 6, 2015
Date

DEFENDANT:          ELIAS LEE SAMAHA
CASE NUMBER:        2:12-cr-00004-APG-GWF-28

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :   **40 MONTHS**

X     The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant be permitted to serve his term of incarceration in a facility in Estel, South Carolina or Jessup, Georgia or as close to Jacksonville, Florida as possible.

X     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

☐     at _____                                    _____

☐     as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐     before 2 p.m. on _____

☐     as notified by the United States Marshal.

☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____            _____

at _____

By _____

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                    (NOTE: Identify Changes with Asterisks

Judgment—Page ___3___ of ___6___

DEFENDANT:          ELIAS LEE SAMAHA
CASE NUMBER:     2:12-cr-00004-APG-GWF-28

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     **3 YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
         future substance abuse.  (Check, if applicable.)

X     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
         student, as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___4___ of ___6___

DEFENDANT:        ELIAS LEE SAMAHA
CASE NUMBER:      2:12-cr-00004-APG-GWF-28

# SPECIAL CONDITIONS OF SUPERVISION

1. **Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. **Warrantless Search** - To ensure compliance with all conditions of release, you shall submit to the search of your person, and any property, residence, business or automobile under your control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, you shall be required to submit to any search only if the probation officer has reasonable suspicion to believe you have violated a condition or conditions of release. You shall also inform any other residents that the premises may be subject to a search pursuant to this condition.

3. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. **True Name** - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

6. **Computer Prohibition** - You shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

7. **Computer Restriction and Monitoring** - You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

8. **No Contact Condition** - You shall not have contact, directly or indirectly, associate with, nor be within 500 feet of any co-defendant or defendant in any related cases, their residence or business, and if confronted by any codefendant or defendant in any related cases in a public place, you shall immediately remove yourself from the area.

9. **Community Service** - You shall complete 8 hours of community service, as approved and directed by the probation officer.

10. The defendant shall be required to pay spousal and child support as previously ordered in the State of Michigan, 6th Judicial Court case #12-791852-DM.

Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.

# ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)    _____          _____
            Defendant                                 Date


            _____          _____
            U.S. Probation/Designated Witness         Date

Judgment — Page    5    of    6

DEFENDANT:        ELIAS LEE SAMAHA
CASE NUMBER:      2:12-cr-00004-APG-GWF-28

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ WAIVED | $ 50,575,123.45 |

*Restitution due jointly and severally with the co-defendant in this case and
with defendants in 2:12-cr-83-APG-GWF, 2:12-cr-84-APG-GWF and 2:13-cr-120-APG-GWF.

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be
entered after such determination.

☒   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| (See attached Payee List) | | $50,575,123.45 | |

| **TOTALS** | $ | $ $50,575,123.45 |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

X   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for    ☐ fine    ☐ restitution.

☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO    (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks

                                                                    Judgment — Page    6    of    6
DEFENDANT:        ELIAS LEE SAMAHA
CASE NUMBER:      2:12-cr-00004-APG-GWF-28

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $    50,575,223.45    due immediately, balance due

        ☐   not later than _____ , or
        X   in accordance with   ☐  C,   ☐  D,   ☐  E, or   X  F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
            _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
            _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
            term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
            imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

        **Defendant shall pay restitution in the amount of $50,575,123.45 jointly and severally with any/all codefendants in this case
        and Case Nos. 2:12-cr-083-APG-GWF, 2:12-cr-084-APG-GWF and 2:13-cr-0120-APG-GWF, with interest to begin
        accruing after the 15th day from entry of judgment. It is recommended that any unpaid balance shall be paid at a rate of
        not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by
        the Court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding
    payee, if appropriate.

    **Total amount of restitution due jointly and severally with all co-defendants in this case and all defendants in cases
    2:12-cr-04-APG-GWF, 2:12-cr-83-APG-GWF and 2:12-cr-84-APG-GWF AND 2:13-CR-0120-APG-GWF.**

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. ELIAS LEE SAMAHA**
**2:12-cr-00004-APG-GWF**
<u>**Restitution List**</u>

American Express                                    $3,299,210.90
World Financial Center
200 Vesey Street
New York, NY   10285


Discover Financial Service                          $1,903,143.50
c/o Mr. Michael Cassell
P.O. Box 370685
Las Vegas, NV 89137


MasterCard                                          $15,477,464.00
2000 Purchase Street
Purchase, NY 10577


Visa Inc.                                           $29,895,305.05
900 Metro Center Blvd.
Foster City, CA 94404


Total:                                              $50,575,123.45